Charles F. Walker for the Use of Charles P. Brown and Era C. Brown, Plaintiffs-Appellees, v. State Farm Mutual Automobile Insurance Company, Garnishee-Appellant.

Gen. No. 63–F–13.

Fourth District.

April 17, 1963.

Donald R. Mitchell and Bill F. Green, of Murphysboro, for appellant.

Wolff & Jones, James A. Lawder, Jr., of Murphysboro, and Jack C. Morris, of Eldorado, for appellees.

SCHEINEMAN, P. J.

This is an appeal by the defendant insurance company from a judgment against it in a garnishment action. The trial court held that the garage or service station exclusion clause in the policy did not apply under the facts in this case.

Judgments had previously been entered against the Insured, Charles Walker, for injuries arising out of an automobile collision involving the car of Charles Walker, the name insured, driven at the time by his son, John Walker. The policy provided coverage for use of the automobile by another person with the permission of the named insured. The insured had given his son express permission to use the car for personal or business purposes. The coverage was specifically excluded as to the automobile "while used in the automobile business." Automobile business was defined as "the business of selling, repairing, servicing, storing, or parking of automobiles."

There is no substantial dispute as to the facts. At the time in question insured's son, John Walker, owned and operated a gasoline service station and he also carried a stock of parts for cars, including oil filters.

He had recently received a supply of oil filters for his stock, but one of them was of a wrong size, so that he proposed to exchange it for a different size in more common use. The parts company was located in another town a few miles away, across the street from a restaurant where John Walker would sometimes have lunch two or three times a month. He invited a friend to ride with him and drove his father's car, because it had better vision and was easier to park than his truck which he used in his business. On the day in question he had lunch at this other town, went across the street and exchanged the filter, and the collision occurred on the way back to the station.

Since there is no dispute about the fact that John Walker is engaged in the automobile business as defined in the policy and that at the time of the collision the automobile was being used in part for a purpose connected with the automobile business, the insurance company contends that the exclusion applies. In behalf of the insured it is contended that the exclusion could only apply if there were some car in the garage waiting for installation of the part and that, where the obtaining of a part was solely to put it in stock, the exclusion does not apply.

■ ■ We find no Illinois precedent which fits this situation, but a number of cases involving the same exclusionary clause have arisen in other states. A collection of these cases appears in a note at 47 ALR2d 556. These cases find nothing ambiguous in the exclusion, therefore there is no basis to invoke the principle of resolving ambiguities in favor of the insured. In the absence of ambiguity and illegality, the court gives effect to the policy as written. Robert Lee Harris v. Universal Underwriters, 37 Ill App2d 367, 185 NE2d 704. The case of Allstate Ins. Co. v. Lakeshore Mut. Ins. Co., 33 Ill App2d 172, 178 NE2d 675, is cited by plaintiff. That case involved an exclusion of a

car used in connection with operating a repair shop. The court found that the operator of the car involved was not operating a repair shop, therefore the exclusion did not apply. There can be no such application to the present case, because here it is clear that the operator of the vehicle is running a service station for the purpose of servicing automobiles and supplying parts.

Of the cases from other jurisdictions we regard one as very close on the facts to the case at bar: Canadian Indemnity Co. v. Western Nat. Ins. Co., 134 Cal App2d 286, 286 P2d 532. The owner of an automobile repair shop had his own car in his shop for repairs. A part was needed which had been ordered but not delivered and the owner borrowed an employee's car to go to the parts company and obtain the necessary part. He was stopping off at a friend's house on the way for a visit because the friend was sick. Before he reached the friend's house the accident occurred. The court held that the accident arose out of the operation of the garage and the garage exclusion clause of the employee's policy applied. The court said: "The exclusion does not require a customer relationship to exist in order that it apply, but only that the car be used by anyone operating an automobile repair shop, and that the accident arise out of the operation of such an establishment. The activity of securing repair parts is part of the operation of a garage business. . . . The operation of a public garage . . . includes all the various activities which together constitute the carrying on of the business. . . . Since . . . the activity in which the [garage owner] was engaged at the time the accident occurred fell within the terms of the exclusion," there was no liability under the policy.

 We deem this a sound principle and directly applicable in this case. Accordingly, it is held the use

of a vehicle for the transport of repair parts to be used in the business of the driver is an activity directly connected to the carrying on of his business, and, therefore, the exclusion clause applies.

It makes no difference that the car may have been used at the same time for other purposes as well as the business of the service station. The exclusion is not limited to the situation where the sole use of the car is in connection with the business. It may be assumed that at any time a car is used for the purpose of obtaining and transporting parts for use in the business the driver may stop for a meal at some point or to make some other purchase of a personal nature. If these other activities were sufficient to bar the application of the exclusion, then that provision of the policy is virtually a nullity.

For the reasons given the judgment is reversed without remanding.

Reversed.

CULBERTSON and HOFFMAN, JJ., concur.