State Farm Mutual Auto Insurance Co., a Corporation, Plaintiff-Appellant, v. Richard Mohan, Public Administrator, etc., et al., Defendants-Appellees.

Gen. No. 66–29.

Third District.

June 28, 1967.

Rehearing denied August 3, 1967.

Zwanzig, Lanuti, Bower, Zwanzig, of Ottawa, for appellant.

Peter Ferracuti, Berry & O'Conor, Harland Warren, and James Waring, of Ottawa, Peterson, Johnson & Martin, of Princeton, and Dixon, Devine, Ray & Morin, of Dixon, for appellees.

STOUDER, P. J.

Plaintiff-Appellant, State Farm Mutual Insurance Company (hereinafter referred to as SFM), commenced this action for a declaratory judgment in the Circuit Court of LaSalle County, praying for a construction of various policies of liability insurance and a declaration of rights thereunder. In addition to the insurance policy issued by Plaintiff, the action involves policies issued by three other companies, Universal Underwriters Insurance Company (hereinafter referred to as Universal), General Casualty Insurance Company (hereinafter referred to as General), and U. S. Fidelity and Guaranty Company (hereinafter referred to as USF & G). Each of

the aforementioned insurance companies was named a party Defendant as was the insured under each policy.

The facts as set forth in the pleadings and as presented by the evidence are not substantially in dispute. Prior to February 29, 1964, Stevenson Sales and Services of Ottawa, Illinois (hereinafter referred to as Stevenson), sold and delivered an automobile to Midway Tobacco Company (hereinafter referred to as Midway), whose principal business was located in Chicago, Illinois. On February 28, 1964, Stevenson picked up the automobile in Chicago from an employee of Midway for the purpose of giving the automobile its 1,000-mile checkup and inspection and also for the purpose of having a dent in the hood removed. Stevenson did not have a body repair shop and it was customary for its body work to be done by the Gordon Lowery Body Shop (hereinafter referred to as Gordon), of Newark, Illinois, Newark being located approximately 20 miles Northwest of Ottawa. When body work was required, Donahue, a partner in the Gordon Lowery Body Repair Business, picked up the automobile from Stevenson, drove it to Newark and returned it to Stevenson after the work had been completed. On February 28, 1964, at 9 p. m. Donahue picked up the car owned by Midway from Stevenson at the latter's place of business so that he could take the automobile to Newark, repair the dented hood and return it to Stevenson. After picking up the car from Stevenson, Donahue drove the car to the home of his girl friend, Jeanne Fitzpatrick, and thereafter Donahue drove the automobile, with his girl friend as passenger, on a tour of the night spots in the Ottawa area. In the early morning hours of February 29, 1964, the automobile, while being driven by Donahue, was involved in a collision in which his passenger, Jeanne Fitzpatrick, was killed and the automobile sustained serious damage. As a result of the collision Richard Mohan, Administrator of the estate of Jeanne Fitzpatrick, commenced an action for

wrongful death against Donahue, in the Circuit Court of LaSalle County.

At the time of the occurrence, Plaintiff had in effect a liability policy in which Donahue was the named insured. The policy included the operation of Donahue's personal car (not herein involved) and included Donahue's use of a nonowned vehicle used with the permission of the owner or person in lawful possession thereof. Coverage was excluded with respect to the use of a nonowned automobile while being used in an automobile business.

USF & G had a liability policy in effect, with Midway being its named insured and describing the automobile involved herein. The policy contained the usual and customary omnibus clause which included coverage while the described automobile was being used by another with the permission of the named insured and excluding coverage while the automobile was being used in the automobile business.

Universal had a liability policy in effect, with Stevenson being the named insured, and the insuring clauses of the policy including losses resulting from the operation of automobiles owned by Stevenson and nonowned automobiles when operated by agents or employees of Stevenson.

General had a liability policy in effect, with Gordon being the named insured, which covered losses resulting from the operation of the garage business as well as losses occasioned by the operation of motor vehicles whether owned or not owned when primarily used in the garage business.

In its complaint for declaratory judgment, Plaintiff, SFM, alleged in two counts that its coverage was not applicable because the automobile was being used for garage purposes and was being operated without the permission of the owner. The complaint further alleged that each of the other three insurance companies was

14

primarily liable under the terms of the individual policies. The three Defendant insurance companies filed affirmative defenses, each alleging lack of coverage.

After evidence was heard and briefs presented the trial court found that the policy issued by SFM did provide coverage and that no coverage was afforded under the policies of the other three insurance companies.

Stevenson in his testimony described the receipt of the automobile from Midway and its delivery to Donahue. In addition he also testified concerning the damages to the automobile and exhibits were offered in substantiation thereof. These exhibits included sales invoices and repair estimates. A general objection was made to the admission of such exhibits by SFM which objection was denied. The trial court, in its memorandum advising counsel of its decision on the coverage afforded by the policies, recommended that Stevenson file a petition for judgment for damages to the automobile. A petition was filed and although SFM answered such petition denying that Stevenson was entitled to judgment on the basis of the law and the facts, the trial court entered judgment in favor of Stevenson and against Donahue in the amount of $2,560. On this appeal the principal question raised is the coverage afforded by the policies and secondarily the propriety of the entry of the judgment for property damages in the declaratory action.

SFM argues the trial court erred in finding that: One, the automobile was not used in the automobile business within the exclusionary provision of the SFM policy; Two, the automobile was not being used in the garage repair business within the coverage of the General policy; and Three, no coverage was afforded by the USF & G policy. Initially we note that neither SFM, General or USF & G argue that any coverage is afforded by the Universal policy, it being conceded that Donahue was neither an employee nor an agent of Stevenson nor was the automobile owned by Stevenson as required under

15

the insuring provisions of the Universal policy. For that reason the Universal policy will not be further discussed and the trial court's conclusion that no coverage was afforded by such policy is approved.

The issues in this case depend upon the application of principles relating to the use of motor vehicles with the permission of others. The development of rules concerning permission has been occasioned by the common use of omnibus clauses in insurance policies whereby persons using motor vehicles described in the policy with the permission of the named insured are declared to be additional insureds under the policy. Another provision also commonly employed is an additional insuring clause which affords coverage when the loss arises from the named insured's use of a motor vehicle of another with the latter's permission. The two provisions are complementary and designed to afford broad coverage. Permission is a common element of both provisions since each depends either on the permission of the named insured or the owner of the vehicle. In applying rules relating to permission, three views are possible. First, that coverage exists only as long as there is strict compliance with the express permission and intended purposes of the owner. Second, that coverage will exist as long as deviations from these purposes are minor. Third, that once permission is granted coverage exists in spite of any deviation from the original permission. Fireman's Fund Indemnity Co. v. Freeport Ins. Co., 30 Ill App2d 69, 173 NE2d 543. Illinois has adopted the last or more liberal rule namely that initial permission once given is not affected by subsequent deviation. Konrad v. Hartford Accident & Indemnity Co., 11 Ill App2d 503, 137 NE2d 855, analyzes the prior Illinois authorities on this subject. Most of the Illinois cases in which the principles of permission were developed are concerned with the omnibus clause and although in some contexts distinctions may arise between an omnibus clause and an ad-

16

ditional insuring clause, we believe that in the context of the instant case no distinction need be made between the permission required in each of such clauses. When permission has once been given by a person entitled to give the permission for use of a motor vehicle, and the person receiving such permission deviates therefrom, Illinois follows the initial permission rule to the effect that the user need only have received permission to take the vehicle in the first instance. Any use while it remains in his possession is with permission though that use may be for a purpose not contemplated under the terms of the permission.

SFM admits that its insured received permission to use the automobile from a person in lawful possession thereof within the provision of its policy. However SFM argues that its insured also received permission to use the automobile from the named insured under the provisions of the USF & G policy. With respect to the USF & G policy, Stevenson, having received permission from an agent of Midway and having given permission to Donahue to use the motor vehicle, the question arises whether Donahue as second permittee was using the automobile with the permission of the named insured. In Hayes v. Country Mut. Ins. Co., 28 Ill2d 601, 192 NE2d 855, the court stated, "The interest both of the insured and of the insurance company center upon the identity of the permittee, his relation to the insured and his ability and responsibility as a driver. The use to which he puts the vehicle while it remains in his control may be regarded as of secondary importance to the question of coverage. Decisions holding that coverage persists despite a deviation from the permitted scope in route, purpose, or duration of use do not therefore compel the conclusion that coverage should also extend to third persons whom the original permittee has, without authority, allowed to use the car. The rule that initial permission will suffice applies in reason only when

17

that permission was granted to the user sought to be brought within the coverage of the policy. Of course the named insured may by express authorization delegate to his permittee the power to grant permission to others, and circumstances surrounding the original permission may support an implication of such an authorization. Thus where the permittee is in every practical sense the owner of the car, and the named insured holds title for convenience, the general custody and control of the permittee is usually held to empower him to grant permission to others within the scope of an omnibus clause, at least in the absence of express prohibition. (See, e. g., Hinchey v. National Surety Co., 99 NH 373, 111 A2d 827 (1955); Fireman's Fund Indemnity Co. v. Freeport Insurance Co., 30 Ill App2d 69, 173 NE2d 543; cf. Norris v. Pacific Indemnity Co., 39 Cal2d 420, 247 P2d 1 (1952).) If the original permittee retains control of the car, but turns over its physical operation to a third person while remaining a passenger, an implied permission has been found in the continued use and control of the original permittee. (See Standard Accident Insurance Co. v. New Amsterdam Casualty Co., 249 F2d 847 (7th Cir 1957); Fireman's Fund Indemnity Co. v. Freeport Insurance Co., 30 Ill App2d 69, 173 NE2d 543.) Even where the original permittee is not a passenger, an inference of permission has been sustained where the third person is engaged on some errand or activity for the benefit, advantage, or purpose of the original permittee. (See Aetna Life Insurance Co. v. Chandler, 89 NH 95, 193 A 233 (1937).) A course of conduct, establishing that the original permittee was allowing third persons to drive with the knowledge of the named insured and without his objection, may also support a finding of implied permission. See, e. g., Odden v. Union Indemnity Co., 156 Wash 10, 286 P 59, 72 ALR 1363 (1930); Shoup v. Clemans, (Ohio App), 31 NE2d

18

■■■■■■■■■■■■■■■■

103, 28 OL Abst 467 (1939) ; cf. Goff v. New Amsterdam Casualty Co., 318 Ill App 586, 48 NE2d 584."

In Inter-Insurance Exchange of the Chicago Motor Club v. The Travelers Indemnity Co., 57 Ill App2d 12, 206 NE2d 518, the court concluded that the named insured's efforts to halt or stop his automobile as it was being driven away from the filling station revoked both the permission of the original permittee and that of the second permittee to operate such vehicle, thereby destroying the implication of permission otherwise found to exist by the court.

■ In applying the rules announced in the Hayes case to the facts in the instant case it is clear that no agent of Midway expressly authorized delegation of the operation of the motor vehicle to a third party. It is also clear that Midway did not either expressly or by necessary implication prohibit such delegation. According to Stevenson, Midway knew that Stevenson did not do any body work in its own shop. Although Midway's knowledge that Stevenson had no body repair facilities does not necessarily indicate that persons other than Stevenson had used or would use the automobile such knowledge does support Stevenson's uncontradicted testimony that he had discretionary authority with respect to the means employed to accomplish the purpose of repairing the car. Permission was granted by Stevenson to Donahue for that purpose. Donahue's permission for the use of the automobile was for the benefit, advantage or purpose of Stevenson, the original permittee. In Hanegan v. Horace Mann Mut. Ins. Co., 77 Ill App2d 142, 221 NE2d 669, the court had occasion to consider an argument that the second permittee was using the automobile for some purpose or advantage to the first permittee. The court although not rejecting the principle, concluded that the use of the automobile by the second permittee to go to a restaurant while the first permittee

was in a barber shop was of no benefit or advantage to the first permittee. Thus in the instant case we find evidence that the original permittee had discretionary authority with respect to the use of the automobile, that the permission for use by the second permittee was for the benefit and advantage of the first permittee and in addition such permission was also for the benefit and advantage of the named insured. On the basis of the record we believe that the trial court's finding that Stevenson had implied authority from Midway to grant permission to a second permittee to use the automobile is amply supported by the evidence and that consequently Donahue's original possession of the automobile was with the permission of Midway the named insured under USF & G's policy.

█ █ Permission may be either express or implied and in either event the nature or legal effect of the permission is the same. If permission be once established the application of rules concerning permission is not affected by the fact that such permission is implied rather than express. Goff v. New Amsterdam Cas. Co., 318 Ill App 586, 48 NE2d 584. If permission be given for a particular purpose or use, the fact that the vehicle was used by the permittee for a different or prohibited purpose or use does not affect the permittee's status as a user of the vehicle with permission.

█ █ We must next consider the question of whether the automobile was being used in the automobile business and hence excluded from coverage under both the SFM and USF & G policies. It is the actual use of the vehicle by the driver, rather than the original purpose for which possession was granted by the owner or party in rightful possession of the vehicle, which determines the applicability of policy exclusions. 18 ALR2d 721. Although the parties have directed our attention to many cases from other jurisdictions which both affirm and reject the view that a vehicle being delivered to a

repair shop is being used in an automobile business such question is immaterial to our present considerations. The evidence amply supports the finding of the trial court that Donahue at the time of the mishap was on a personal lark of his own and his use of the automobile was not in the automobile business. Whether he might have been engaged in the automobile business while delivering the car from Ottawa to Newark is of no concern since his use of the vehicle at the time of the mishap was not merely a minor or incidental deviation from an excluded use as in Walker v. State Farm Mut. Automobile Ins. Co., 40 Ill App2d 463, 190 NE2d 121, but on the contrary was completely unrelated to the automobile business. For the foregoing reasons we find that coverage was afforded by both the SFM and the USF & G policies and the trial court erred in finding to the contrary with respect to the USF & G policy.

Even though the insuring clauses of the General policy might involve considerations according to their terms not necessarily applicable to the exclusions in the USF & G and SFM policies we have examined such provisions and find that they are not applicable in view of the actual use by Donahue of the vehicle for personal reasons rather than for a purpose related to the operation of the garage repair business. Bergmann v. Multi-State Inter-Insurance Exchange, 39 Ill App2d 468, 189 NE2d 49. Consequently no coverage was afforded under the General policy.

Lastly we consider the propriety of the trial court entering judgment in favor of Stevenson and against Donahue for the property damage to the automobile. Judgment was entered in reliance upon chapter 110, Civil Practice Act, § 57.1, subparagraph (3), Ill Rev Stats (1965) which provides, "If further relief based upon a declaration of right becomes necessary or proper after the declaration has been made, application may be made by petition to any court having jurisdiction for an

order directed to any party or parties whose rights have been determined by the declaration to show cause why the further relief should not be granted forthwith upon reasonable notice prescribed by the court in its order." Although there are few Illinois cases which have applied the foregoing section, both from the nature of the declaratory judgment procedure and the section itself, the trial court, after declaring the rights of the parties should and does have authority to make such declaration of rights effective. It is clear that the statute contemplates further relief based on the rights determined and does not purport to include relief with respect to issues not resolved by the declaration of rights. In Burgard v. Mascoutah Lumber Co., 6 Ill App2d 210, 127 NE2d 464, the court stated ". . . it is apparent that no counterclaim is necessary as to the controversy presented by a complaint for declaratory judgment. It is essential that the complaint disclose an actual controversy, i. e., that Defendant opposes the position asserted by Plaintiff." We believe that the trial court erred in this case in entering the judgment against Donahue. The only apparent basis for the award of damages in favor of Stevenson and against Donahue is the latter's negligence. The only controversy revealed by the complaint for declaratory judgment relates to coverage under four insurance policies. Donahue's negligence is neither proposed nor opposed and neither his negligence nor the amount of the damages to the car were related to the coverage afforded by the policies or the declaration of rights with respect thereto.

 Since the trial court found that coverage was afforded only by one policy the question of the relative coverage afforded by more than one policy did not arise. However we believe that such question should be answered in order to resolve any conflict which might arise. The provisions of each policy with respect to other in-

surance are substantially similar. The substance of each of the provisions is that if the insured has other insurance covering the liability or loss the company will be liable in proportion to the limits of liability of such insurance. Further, each policy provides that with respect to coverage applicable to non-owned vehicles the liability of the company is excess only. The rule in Illinois is that such provisions will be given effect according to their terms as they may apply to a given factual situation. New Amsterdam Cas. Co. v. Certain Underwriters at Lloyds, London, 34 Ill2d 424, 216 NE2d 665; Jenson v. New Amsterdam Ins. Co., 65 Ill App2d 407, 213 NE 2d 141. Since Donahue, the insured of SFM, was the driver of an unowned automobile according to the provisions of the policy the coverage under such circumstances is excess in relation to the coverage of the USF & G policy applying to a described automobile owned by its insured.

For the foregoing reasons, the judgment of the Circuit Court declaring that coverage is afforded by the SFM policy and that coverage is not afforded under the Universal and General policies is affirmed. Judgment of the Circuit Court declaring that no coverage is afforded by the USF & G policy is reversed and remanded with directions to proceed consistent herewith. The judgment of the Circuit Court in favor of Stevenson and against Donahue in the sum of $2,560 is reversed and remanded without prejudice to the rights of the parties to have the merits of the controversy determined in an appropriate proceeding.

Affirmed in part, reversed and remanded in part.

ALLOY and CORYN, JJ., concur.