**UNIVERSAL UNDERWRITERS INSURANCE COMPANY, a corporation, Plaintiff,**

**v.**

**NORTHWESTERN NATIONAL INSURANCE COMPANY OF MILWAUKEE, WISCONSIN, a corporation, Defendant.**

**No. P–3015.**

United States District Court
S. D. Illinois, N. D.

Dec. 8, 1969.

Stuart, Neagle & West, Roger L. Williamson, Galesburg, Ill., for plaintiff.

Burrell Barash, Galesburg, Ill., for defendant.

## OPINION AND ORDER

ROBERT D. MORGAN, District Judge.

This is an action for declaratory judgment which has been submitted upon agreed facts for determination of the issue of liability (any question of damages having been reserved). The undisputed

---

jurisdiction of the court is invoked under 28 U.S.C. § 1332.

Defendant was the automobile liability insurer of Dr. Richard Franck of Bushnell, Illinois. The automobile in question, a 1965 Lincoln Continental, had been purchased from Howe Motor Sales, Inc. of Macomb, Illinois, approximately one year prior to the accident, through Howe salesman Gale Bradford. On September 7, 1965, Dr. Franck drove his automobile to Howe Motor Sales, requesting that his radio be repaired. The car was left with Howe Motor Sales and Dr. Franck was loaned another automobile. About noon on September 8, 1965, Dr. Franck returned to Howe Motor Sales to pick up his car. Mr. Bradford informed him that the car's radio was still not repaired, that it would be completed that afternoon, and that he would drive the car to Dr. Franck's residence in Bushnell when the repairs were completed. Later that afternoon, while Bradford was driving the automobile to deliver it and to pick up the loaned automobile, he was involved in a collision in which the occupants of another vehicle were injured.

Suits were thereafter filed by the injured parties in an Illinois court against Howe Motor Sales and Gale Bradford. Plaintiff, here, which had written liability insurance covering Howe Motor Sales, made demand on defendant, Northwestern, to defend such suits. Northwestern refused, claiming that its policy with Dr. Franck contained an exclusion which was applicable to the occurrence. The defendant's policy states in pertinent part that:

> " 'automobile business' means the business or occupation of selling, repairing, servicing, storing or parking automobiles;
>
> \* \* \* \* \* \*
>
> "Exclusions. This policy does not apply under Part I: (Liability)
>
> \* \* \* \* \* \*
>
> (g) to an owned automobile while used by any person while such person is employed or otherwise engaged in the automobile business, \* \* \*."

Plaintiff thereafter filed this suit seeking a declaration that the policy issued by defendant provides primary coverage for the occurrence and for its expenses. The defendant set out the above exclusion as an affirmative defense to the action alleging that there was no coverage under the terms of the policy for the occurrence.

The sole issue raised, therefore, is whether defendant's policy of insurance excludes coverage for the occurrence. If it does not, the plaintiff is entitled to the relief sought; if it does, then the defendant has a valid affirmative defense to the relief sought.

Plaintiff argues that coverage exists under defendant's policy which insures "any other person using such automobile with the permission of the named insured," since the operation of the vehicle by Gale Bradford was not a use of an automobile "while such person is employed or otherwise engaged in the automobile business." Primary reliance is placed on Universal Underwriters Insurance Company v. Hartford Accident & Indemnity Company, unpublished opinion (D.C.N.D.Ill.1966); State Farm Mutual Auto Insurance Company v. Mohan, 85 Ill.App.2d 10, 228 N.E.2d 283 (3d Dist. 1967); Walker v. State Farm Mutual Automobile Insurance Company, 40 Ill.App.2d 463, 190 N.E.2d 121 (4th Dist. 1963); Allstate Insurance Company v. Skawinski, 40 Ill.App.2d 136, 189 N.E.2d 365 (1st Dist.1963). This reliance, however, has been misplaced. The exclusionary clause in each of the above cases provided for no coverage of an owned automobile "while used in the automobile business." Such an exclusion is aimed at a "use" and is clearly less inclusive and distinguishable from the clause in defendant's policy which excludes coverage to a group of persons engaged in a particular occupation. The holdings of the cases cited above, therefore, are in no way determinative of the issue herein presented.

Illinois courts have not passed on the precise issue before this court. The only cases cited to the court which involved the form of exclusion here found reached diametrically opposite conclusions. See, Northern Assurance Company of America v. Truck Insurance Exchange, 439 P.2d 760 (Mont.1968), and Dumas v. Hartford Accident & Indemnity Company, 181 So. 2d 841 (La.1965). It is incumbent upon this court, therefore, to determine what position the courts of Illinois would take if confronted with the precise facts as set out hereinabove.

■ Plaintiff argues that contracts of insurance are to be construed most strongly against the insurer; therefore, by the proper construction favoring the insured, this court should hold the exclusion inapplicable. This rule of construction, however, is founded upon the premise of existent ambiguity and has no application when the language is clear, Colonial Coach Manufacturing Corporation v. Home Insurance Company, 260 F.2d 532 (7th Cir. 1958); Ancateau v. Commercial Casualty Insurance Company, 318 Ill.App. 553, 48 N.E.2d 440 (2d Dist. 1943).

■ Applying the law of Illinois, which is applicable here, the rule of construction favoring the insured must yield to the requirement of a reasonable construction. Thompson v. Fidelity & Casualty Company, 16 Ill.App.2d 159, 148 N.E.2d 9 (2d Dist. 1958), cert. denied, 358 U.S. 837, 79 S.Ct. 62, 3 L.Ed.2d 74 (1958). A contract of insurance must be construed according to the sense and meaning of the terms, and, if they are unambiguous, the terms are to be taken in their plain, ordinary, and popular sense. Walsh v. State Farm Mutual Automobile Insurance Company, 91 Ill. App.2d 156, 234 N.E.2d 394 (1st Dist. 1968); Thompson v. Fidelity & Casualty Company, *supra.*

■ The language in defendant's policy is quite clear: there is to be no coverage while the automobile is being used by a person while that person is "employed or otherwise engaged" in the automobile business, such business being defined in the policy as including the repairing or servicing of automobiles. It can hardly be persuasively argued that Mr. Bradford was not so engaged at the time of the collision here. The language of an insurance policy cannot be distorted in order to create an ambiguity where none exists. Smiley v. Estate of Toney, 100 Ill.App.2d 271, 241 N.E.2d 116 (2d Dist. 1968). There are no grounds, therefore, for disregarding the plain terms and conditions of the policy. See, Snyder v. Continental Casualty Company, 26 Ill.App.2d 430, 168 N.E.2d 563 (1st Dist. 1960).

Howe Motor Sales was clearly engaged in the "automobile business" and it is equally clear that Gale Bradford was "employed" therein. In delivering the automobile to Dr. Franck's residence as requested, the operator, Gale Bradford, was pursuing an integral part of the business of Howe Motor Sales by providing a service of convenience to engender good will. This court is fully satisfied, therefore, that the occurrence was within the clear meaning of the exclusion in defendant's policy. Thus, the defendant does have a valid affirmative defense to the relief sought. This construction is consistent with the law of Illinois that once an automobile is delivered to a garage for repair, a bailment relationship is created, and until the automobile is returned to the owner, the owner and his insurer are not liable for the acts of negligence of the bailee or his employee. Sanders v. Liberty Mutual Insurance Company, 354 F.2d 777 (5th Cir. 1965); Woods v. Bowman, 200 Ill.App. 612 (3d Dist. 1915).

Accordingly, the relief sought by the complaint here is denied and the case is dismissed with prejudice.