STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff-Appellee, *v.* ROBERT McANALLY *et al.,* Defendants-Appellants.

First District (3rd Division)    No. 76-702

Opinion filed June 1, 1977.

Frank Glazer, Ltd., of Chicago (Frank Glazer, of counsel), for appellants.

Taylor, Miller, Magner, Sprowl & Hutchings, of Chicago (James J. Hoffnagle, of counsel), for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff brought this action seeking a declaration that defendants were not entitled to coverage under an exclusion clause contained in a certain policy. Both sides presented motions for summary judgment, and defendant Robert McAnally also sought judgment on the pleadings. After considering the pleadings, McAnally's deposition, memoranda, and hearing argument, the trial court granted summary judgment in favor of the plaintiff. The defendant McAnally appeals. A brief recitation of the undisputed facts follows.

Plaintiff issued an automobile policy to a Mr. Sweeney which was in force at the time of this occurrence. McAnally has been a personal friend of Sweeney's and has performed repair work on Sweeney's automobiles for 25 to 30 years. McAnally was the sole proprietor of his own automobile repair shop. He had no employees working for him in the shop. On May 7, 1970, Sweeney left his automobile at McAnally's shop for some work. Having successfully completed his work on the automobile, McAnally, with Sweeney's permission, was driving to the latter's home to deliver the vehicle. In his deposition, McAnally stated that it was his customary practice to deliver Sweeney's vehicle after repairs. In transit, McAnally was involved in an accident with a pedestrian, Anthony Daubs (not involved in the appeal).

McAnally claims that he is covered under plaintiff's automobile insurance policy with Sweeney. Plaintiff counters that McAnally is excluded from coverage under the "automobile business" clause contained in the policy since he was driving the automobile in connection with the repair work which had just been completed. The "automobile

business" exclusion from coverage in the policy in question reads as follows:

> "Exclusions—Section I.
> This Insurance Does Not Apply Under: (e) Coverages A and B, to the owned motor vehicle while used by any person while such person is employed or otherwise engaged in an automobile business of the insured or of any other person or organization, but this exclusion does not apply to the named insured and his spouse if a resident of the same household and this insurance applies only as excess insurance over any other collectible insurance, to a resident of the same household as the named insured, to a partnership in which said resident or the named insured is a partner, or to any partner, agent or employee of the named insured, such resident or partnership."

> "Definitions—Section 1.
> Automobile Business—means the business or occupation of selling, leasing, repairing, servicing, storing or parking of land motor vehicles or trailers."

The "automobile business" exclusion has been the subject of considerable litigation throughout the nation. These cases have been extensively documented elsewhere. (See *Continental National American Group v. Allied Mutual Insurance Co.* (1973), 95 Idaho 251, 506 P.2d 478; *Grahame v. Mitchell* (1975), 28 Ill. App. 3d 334, 329 N.E.2d 17; 7 Appleman, Insurance Law and Practice §4372 (1962); also, Annot., 71 A.L.R.2d 964 (1960).) Consequently, we need not review the cases here. However, only one reported case dealing with the type of exclusion clause before us, that extending to a group of persons engaged in a particular occupation, has considered Illinois law on the matter. (*Universal Underwriters Insurance Co. v. Northwestern National Insurance Co.* (S.D. Ill. 1969), 306 F.Supp. 437.) The facts of that case are strikingly similar to those in the present case. There, the court was confronted with a clause which excluded coverage when "the automobile is being used by a person while that person is employed or otherwise engaged in the automobile business." That case also concerned an accident involving the insured's automobile while being returned to his home by an employee of an auto repair shop. Permission to drive the automobile had been given and the repairs had been completed. The court held that the owner of the repair shop was clearly engaged in the automobile business and that the driver was employed therein. Since the delivery of the automobile was an integral part of that business, the occurrence was held to be within the clear meaning of the exclusion contained in the policy.

We follow *Universal Underwriters* in giving a broad meaning to the exclusion clause. While we agree with McAnally's statement that any ambiguities in the policy are to be construed strongly against the insurance company, we find this clause to be plain and clear in its purpose and content. As *Universal Underwriters* notes, supported by numerous citations, when the language of the policy is clear and unambiguous, it is to be interpreted according to the plain, ordinary meaning of the words contained within.

■■ McAnally attempts to distinguish *Universal Underwriters* by using a strained interpretation of the clause which would exclude everyone engaged in the automobile business unless the person, like McAnally, is a sole proprietor with no employees. In examining the language of the clause, it is clear that the intent was to cover any person engaged in the automobile business. The case of *Allstate Insurance Co. v. Lake Shore Mutual Insurance Co.* (1961), 33 Ill. App. 2d 172, 178 N.E.2d 675, is instructive on this point. That case differentiated between a person who occasionally made repairs, working without a repair shop, as opposed to small service stations and one-man repair shops. The court held that while the former was not included in the terms of the policy that the latter would be. From the terms of the policy in question, we see no reason to exclude a one-man repair shop from the clear meaning of the clause.

McAnally also relies on another type of "automobile business exclusion" clause contained in many policies to support his coverage argument. That type of exclusion, which has been more extensively litigated in Illinois, generally provides that no coverage will be extended when the automobile owned by the policyholder is "used in the automobile business." That exclusion has been held to be less inclusive than the type before us since it is aimed at the use of the automobile in the business rather than at a group of persons engaged in a particular occupation. Illinois courts have applied a fairly liberal interpretation in favor of coverage when that type of policy is involved. (*State Farm Mutual Auto Insurance Co. v. Mohan* (1967), 85 Ill. App. 2d 10, 228 N.E.2d 283; *Walker v. State Farm Mutual Auto Insurance Co.* (1963), 40 Ill. App. 2d 463, 190 N.E.2d 121.) However, as we have noted, that type of exclusion is clearly distinguishable from the exclusion clause contained in the present policy.

McAnally finally attempts to extend the coverage of the policy by noting that "delivering" an automobile is not included in the definition of "automobile business" in the policy. While other jurisdictions are in sharp contrast with one another on this point (see *Grahame v. Mitchell* (1975), 28 Ill. App. 3d 334, 329 N.E.2d 17), Illinois courts have been in general accord that delivery of an automobile is an integral part of the repair

business. This is especially true when the automobile exclusion clause focuses on the person engaged in the business rather than the use of the automobile in the business. Faced with an identical definition of "automobile business" as in the instant case, the court in *Universal Underwriters Insurance Co. v. Northwestern National Insurance Co.* (S.D. Ill. 1969), 306 F.Supp. 437, specifically included delivery of the repaired automobile to the home of the owner within the meaning of the term:

> "Howe Motor Sales was clearly, engaged in the 'automobile business' and it is equally clear that Gale Bradford was 'employed' therein. In delivering the automobile to Dr. Franck's residence as requested, the operator, Gale Bradford, was pursuing an integral part of the business of Howe Motor Sales by providing a service of convenience to engender good will. This court is fully satisfied, therefore, that the occurrence was within the clear meaning of the exclusion in defendant's policy. Thus, the defendant does have a valid affirmative defense to the relief sought. This construction is consistent with the law of Illinois that once an automobile is delivered to a garage for repair, a bailment relationship is created, and until the automobile is returned to the owner, the owner and his insurer are not liable for the acts of negligence of the bailee or his employee. *Sanders v. Liberty Mutual Insurance Company,* 354 F.2d 777 (5th Cir. 1965); *Woods v. Bowman,* 200 Ill. App. 612 (3rd Dist. 1915)." (306 F.Supp. 437, 439.)

We adopt this reasoning, especially in light of the fact that it was a common practice for McAnally to deliver the repaired automobile to Sweeney's home.

■■ In reviewing Illinois case law on this point, the court in *Grahame v. Mitchell* concluded that Illinois cases construing the automobile business exclusion have generally held the exclusion in effect if the transport or delivery were to or from an automobile business for the purpose of repairs or service. Although *Grahame v. Mitchell* concerned the delivery of automobiles by a "driveaway" company, it is instructive in pointing out that this state has consistently held the exclusion to be applicable when the driver was engaged in any phase of the repair business. This has included road tests and picking up parts among other activities. (*Universal Underwriters Insurance Co. v. Farmers Insurance Exchange* (1974), 17 Ill. App. 3d 386, 308 N.E.2d 288; *Walker v. State Farm Mutual Auto Insurance Co.* (1963), 40 Ill. App. 2d 463, 190 N.E.2d 121; *State Farm Mutual Auto Insurance Co. v. Mohan* (1967), 85 Ill. App. 2d 10, 228 N.E.2d 283; *Caster v. Motors Insurance Corp.* (1961), 28 Ill. App. 2d 363, 171 N.E.2d 425.) We agree with the reasoning of these cases

480

and hold that, when McAnally delivered the automobile following his repair work, he was engaged in the automobile business at that time and was excluded from the coverage of the policy.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

SIMON, P. J., and McGILLICUDDY, J., concur.