FRANCIS VAN VLECK, Plaintiff-Appellant, *v.* RICHARD C. BARBEE, Defendant—(Ohio Casualty Insurance Company, Garnishee-Appellee).

Third District   No. 82—796

Opinion filed June 21, 1983.

Edward G. Vogt, of Kankakee, for appellant.

Michael Gahan, of Thomas, Wallace, Feehan, Baron and Kaplan, Ltd., of Joliet, for appellee.

JUSTICE ALLOY delivered the opinion of the court:

The trial court dismissed plaintiff Francis Van Vleck's garnishment action against Ohio Casualty Insurance Company, based upon an exclusion clause in the insurance policy which was the subject of the garnishment action. Van Vleck appeals from the dismissal of his complaint and argues that the policy's automobile business exclusion clause (1) is contrary to public policy and (2) is not applicable to the insured in the instant case.

The following facts are pertinent to the issues on this appeal. On November 1, 1978, plaintiff Van Vleck and defendant Richard Barbee

were involved in an automobile accident which resulted in personal injuries to Van Vleck. The automobile that Richard Barbee was driving at the time of the accident was owned by Mitzi Glumac. Richard Barbee, at the time of the accident, was an employee of Hilbert and Harvey Haase, who did business as Turbine Transmission Service Center. Barbee, as their agent, was delivering the car to Mitzi Glumac's son, who worked as a physical education instructor at the local high school. Glumac's son had requested that Barbee deliver the car to him, after repairs had been completed. Richard Barbee was a high school student and part-time worker for Turbine.

Suit was brought by Van Vleck against Richard Barbee and against the Haases, d/b/a Turbine. In it Van Vleck alleged that Barbee, while acting as an agent of the Haases, had been negligent, and as a result he suffered serious injury and property damage. Prior to commencement of trial in the action, Van Vleck settled with the Haases and Turbine. In consideration for the payment to him of $103,982.50, Van Vleck executed a covenant not to sue either the Haases or Turbine. One hundred thousand dollars of the payment was delineated as compensation for personal injuries. Settlement was made by Ohio Casualty Insurance Company, who was the insurer for the Haases and Turbine. Thereafter, a jury verdict in the amount of $188,800 was returned and judgment entered thereon against defendant Barbee. The amount of judgment was reduced by the $100,000 paid on behalf of Turbine and the Haases, leaving $88,800 due on the judgment.

The remaining $88,800 was the basis for this garnishment action against Ohio Casualty Insurance Company, under a policy of insurance issued to the father of Richard Barbee. Richard Barbee, at the time of the accident was a member of his father's household and an insured under the policy. This policy of insurance, however, contained the following exclusion from coverage provision. Coverage was excluded for

"(h) a non-owned automobile while maintained or used by any person, while such person is employed or otherwise engaged in:

(1) the automobile business of the insured or of any other person or organization ***."

"Automobile business" is defined in the policy as "the business or occupation of selling, repairing, servicing, storing or parking automobiles." Ohio Casualty responded to the suit by filing its motion to dismiss, setting up in defense the exclusion provision above set forth and the fact that Richard Barbee at the time of the accident was driving a nonowned automobile while employed as an agent for Turbine, an automobile business. It is not disputed that in a related suit, a declara-

tory judgment action, the circuit court had concluded that Ohio Casualty's policy of insurance for the Haases and Turbine did provide coverage for Barbee, as an employee of Turbine at the time of the accident. The court concluded that Barbee was acting as an agent for Turbine in returning the auto to Glumac's son. This declaratory action was brought by Ohio Casualty against Van Vleck, the Barbees, and the Haases. The court also therein determined that the State Farm policy issued to Mitzi Glumac did not provide coverage to Richard Barbee. There was a final judgment in the declaratory judgment suit and no appeal was taken from the judgment. Thus, under settled principles of *res judicata*, specifically estoppel by verdict, there is a binding judicial determination as between these parties that Richard Barbee was an employee and agent of Turbine at the time of the accident involved in the instant case. Neither party contests the trial court's application of this doctrine.

On the basis of the policy provision excluding coverage for non-owned automobiles driven by persons employed in the auto business, the circuit court granted defendant-garnishee's motion to dismiss. Van Vleck appeals from the dismissal.

■■ ■ The principal argument on appeal is that the exclusion clause in the policy should be declared void, as contrary to public policy, since in this case the driver was both an agent of Turbine *and* a relative of the insured. It is asserted that the purpose behind the automobile business exclusion is to protect the insured from liability where a person unknown to him, *i.e.*, employee of the auto business, is driving the car. Van Vleck contends that since the driver was known to the insured, in fact was a relative, the exclusion should not apply. We do not agree. An exclusion clause substantially similar to that involved in this case was upheld and applied in *State Farm Mutual Automobile Insurance Co. v. McAnally* (1977), 49 Ill. App. 3d 475, 364 N.E.2d 499. The court there found the provision to be clear and unambiguous and enforced it as such. (49 Ill. App. 3d 475, 479-80.) Plaintiff Van Vleck concedes that *McAnally* is precedent contrary to its position, but asks this court to reconsider that position. We decline the invitation, for we find no basis in public policy for concluding that this exclusion is void, nor does plaintiff articulate any basis. That application of the provision in this case is not consistent with an asserted purpose behind the provision, even conceding the purpose asserted, does not establish a sufficient basis for our finding that the provision violates public policy. As plaintiff also concedes, those instances where the courts have stepped in to overturn the parties' agreement are "far more extreme" than the circumstances in the

case at bar. (See *Fidelity General Insurance Co. v. Nelsen Steel & Wire, Inc.* (1971), 132 Ill. App. 2d 635, 270 N.E.2d 616; *Blake v. Continental Casualty Co.* (1934), 278 Ill. App. 232.) Where the parties' agreement is clear and unambiguous, it is to be enforced as written, without going behind the language to speculate on the purposes underlying the provision. That Richard Barbee was both an employee of Turbine as well as a relative of the insured does not provide a sufficient basis for this court to overturn the policy provision on a public policy basis.

■ Plaintiff Van Vleck next argues that the exclusion should not be applied in the instant case since Richard Barbee was a relative of the named insured and since Turbine, the auto business, did not customarily deliver repaired autos to their owners as part of its business. The latter fact is relied upon in plaintiff's attempt to distinguish *McAnally* from the case at bar. However, as previously noted, it is the plain and unambiguous language of the policy provision that must be our guide. The provision excludes from coverage nonowned automobiles while used by any person while such person is employed or engaged in the automobile business of any other person or organization. The automobile business is broadly defined as the business or occupation of repairing, servicing, storing and parking automobiles, and Illinois courts have held that included therein is the delivery of automobiles by such businesses. (49 Ill. App. 3d 475, 479; *Grahame v. Mitchell* (1975), 28 Ill. App. 3d 334, 339, 329 N.E.2d 17.) The facts clearly indicate that Barbee was an employee and agent of Turbine, a company engaged in the business of repairing automobiles, at the time of the accident and that he was driving a nonowned automobile, delivering it to a customer. The policy provision, under these facts, clearly applies, as the circuit court found. The *McAnally* case points out that the Illinois cases are in accord that the delivery of an auto is held to be an integral part of the repair business, especially in those cases, as here, where the exclusion clause focuses upon the person engaged in the business, rather than the use of the auto. (49 Ill. App. 3d 475, 478-79.) Delivery, after repairs, by a repair company is held to be within the definition of automobile business in such policies. *Grahame v. Mitchell* acknowledges that result, but distinguished the facts therein on the basis that the business there was the drive-away business, which the court found not to be within the purview of the exclusion clause. (28 Ill. App. 3d 334, 339-41.) The distinction is not applicable here, for it is undisputed that Turbine was in the auto repair business and that the delivery of the auto was made by one of its employees to a customer, as part of the business. Regardless of its cus-

tomary practice, the facts indicate that the delivery was by an agent of Turbine. Thus, whether the determination is founded upon the person's status at the time of the accident, or upon the use of the automobile at the time of the accident, the result in this case is the same. It is determined that Barbee was an agent of Turbine and was delivering the auto as part of the business. Whether or not such delivery is customarily part of the services provided by Turbine is not material herein, for this delivery was part of the business. Contrary to plaintiff's suggestion, we do not find *McAnally* to be limited to situations wherein delivery is customarily a part of the business' services.

We find the court correctly applied the policy exclusion in the case at bar and the judgment of the circuit court of Will County is affirmed.

Affirmed.

STOUDER, P.J., and HEIPLE, J., concur.