MONTGOMERY WARD INSURANCE COMPANY, Plaintiff-Appellee, v. MERIT INSURANCE COMPANY *et al.*, Defendants-Appellants.

First District (3rd Division)   No. 85—3339

Opinion filed June 8, 1988.

Gerald M. Rotheiser, of Chicago, for appellants.

Orner & Wasserman, Ltd., of Chicago (Norton Wasserman and Esther Joy Schwartz, of counsel), for appellee.

JUSTICE RIZZI delivered the opinion of the court:
This is an appeal from a declaratory judgment action. The trial court entered a judgment on the pleadings in favor of plaintiff Montgomery Ward Insurance Company (Montgomery Ward), declaring that an insurance policy issued by Montgomery Ward to John B. O'Connell did not provide coverage for injuries allegedly sustained by defendants in the underlying cause of action. We reverse and remand.

Briefly, the undisputed facts giving rise to this appeal are as follows. On April 23, 1983, O'Connell was the owner of an automobile insured by Montgomery Ward under a "Family Car Policy." On April 23, 1983, O'Connell drove his car to the Belmont Hotel located in Chicago, Illinois, to attend a wedding reception. Upon reaching the Belmont Hotel, O'Connell relinquished possession of his car to Andrew G. Delia, an employee of M. S. Valet, an agency utilized by the Belmont Hotel to provide parking services for guests of the hotel. M. S. Valet was insured by defendant, Merit Insurance Company (Merit), under a general-automobile liability policy. This insurance policy provided primary coverage to M. S. Valet, its agents, employees and customers for the parking services and operation conducted by M. S. Valet at the Belmont Hotel.

After O'Connell gave his vehicle to Delia for parking, Delia was involved in an accident while operating the vehicle. This collision involved a motor vehicle driven by Darrell Marcus. Mary Joy Hollingsworth was a passenger in the Marcus vehicle. Marcus' car was insured by Home Insurance Company (Home). Subsequent to this accident, Marcus, Hollingsworth and Home, as subrogee of Marcus and Hollingsworth, filed two lawsuits for personal injuries and property damage against Delia, M. S. Valet, and O'Connell, as owner of the vehicle. O'Connell is represented by Montgomery Ward, and Merit is defending Delia and M. S. Valet. Both Montgomery Ward and Merit tendered the defense of their respective insureds to each other. Each tender was denied.

Thereafter, Montgomery Ward brought a declaratory judgment action, seeking a declaration that there is no coverage to M. S. Valet and Delia under the terms of the policy it issued to its insured, O'Connell, because of an exclusion in the policy. O'Connell was not named as a party in the declaratory judgment action.

The exclusion on which Montgomery Ward relied in the declaratory judgment action provides:
"This coverage does not apply to:

\* \* \*

(5) Bodily injury or property damage arising out of auto business operations. But, coverage does apply to the ownership, maintenance, or use of your insured car in auto business operations by you, a relative, or anyone associated with or employed by you or a relative in the business."

Following a hearing and argument of counsel, the trial court granted judgment in favor of Montgomery Ward on its motion for a judgment on the pleadings. In its judgment, the court concluded that "[t]he automobile business operations exclusion contained in Montgomery Ward's policy of insurance \* \* \* excludes all coverage under Montgomery Ward's policy for Andrew Delia and M. S. Valet \* \* \* growing out of the collision of April 23, 1983."

On appeal, Merit contends that the "auto business operations" exclusion contained in the Montgomery Ward policy is ambiguous and does not, as a matter of law, exclude coverage for the business of parking cars. Merit concludes that Montgomery Ward had a duty to defend and indemnify Delia and M. S. Valet in the lawsuits arising out of the April 23 collision.[1]

Montgomery Ward, however, counters that the meaning of the term "auto business operations" is not ambiguous because it has an established and accepted legal meaning which includes the business of parking automobiles. Montgomery Ward argues that based on the commonly accepted definition of this term, the trial court correctly concluded that both M. S. Valet and Delia were excluded from coverage under the terms of O'Connell's insurance policy.

At issue here is the construction and application to be given the term "auto business operations." Specifically, whether this term is ambiguous and, if so, does it apply to the business of parking cars.

Illinois courts have not passed on the issue presently before us. Moreover, neither party has brought to our attention a case involving the form of exclusion present here, nor are we aware of such a case. Therefore, in determining whether the exclusionary provision applies to the business of parking cars, we must consider the general rules of contract construction.

■ ■ Where an insurer attempts to limit liability by excluding

---

[1]Merit does not contest that its policy provides primary coverage to M. S. Valet and Delia.

coverage when certain circumstances are present, it has the burden of showing that the claim falls within the exclusion relied upon. This is so because it is presumed that the insured intended to obtain such coverage and, as a result, the insurer would have stated any such exclusion with specificity. If an exclusion clause in an insurance policy is relied upon to deny coverage, its applicability must be clear and free from doubt. (*American States Insurance Co. v. Action Fire Equipment, Inc.* (1987), 157 Ill. App. 3d 34, 42, 509 N.E.2d 1097, 1102.) If the words of an insurance policy can reasonably be given their plain, ordinary and popular meaning, the provision should be applied as written and the parties bound by their agreement. (*American States Insurance Co.*, 157 Ill. App. 3d at 43, 509 N.E.2d at 1102.) However, where an insurance policy does contain an ambiguity, all exclusions, conditions, or provisions which tend to limit or defeat liability should be construed more favorably to the insured. An insurance policy is deemed ambiguous if it is subject to more than one reasonable interpretation. *Marathon Plastics, Inc. v. International Insurance Co.* (1987), 161 Ill. App. 3d 452, 464, 514 N.E.2d 479, 486.

▪ In the present case, Montgomery Ward had the burden of proving that its exclusionary clause clearly applied to the business of parking cars. In support of its argument, Montgomery Ward relies on several cases which have construed the term "automobile business" broadly. Montgomery Ward cites: *Van Vleck v. Barbee* (1983), 115 Ill. App. 3d 936, 451 N.E.2d 25, *State Farm Mutual Automobile Insurance Co. v. McAnally* (1977), 49 Ill. App. 3d 475, 364 N.E.2d 499, *Grahame v. Mitchell* (1975), 28 Ill. App. 3d 334, 329 N.E.2d 17, *Universal Underwriters Insurance Co. v. Farmers Insurance Exchange* (1974), 17 Ill. App. 3d 386, 308 N.E.2d 288, and *Walker v. State Farm Mutual Automobile Insurance Co.* (1963), 40 Ill. App. 2d 463, 190 N.E.2d 121. According to Montgomery Ward, these cases stand for the proposition that its exclusionary clause is not ambiguous because it has an established and accepted legal meaning which includes the sale, repair, service, storage and parking of automobiles. We find these cases inapplicable to the facts at bar.

Initially, the cases relied upon by Montgomery Ward dealt with the term "automobile business," not "auto business operations." Secondly, and more importantly, each of these cases involved the application of the definition of "automobile business" to the facts present. Here, however, the trial court was confronted with an insurance policy containing the term "auto business operations" rather than "automobile business" and no definition of this term. We therefore be-

lieve that these cases are in no way determinative of the issues presented herein.

In addition, we consider the arguments presented by Montgomery Ward to be evidence of the inherent ambiguity of this provision. An examination of the cases cited by Montgomery Ward reveals that the "automobile operations" exclusion has been interpreted to apply to several different occupations, even where the insurance policy at issue contained a definition of the exclusion. Clearly, it cannot be disputed that the exclusionary provision at issue here may be subject to more than one reasonable interpretation.

■ Moreover, Montgomery Ward is a sophisticated and knowledgeable insurance company. As such, if Montgomery Ward intended to include the business of parking cars within its exclusionary clause, it certainly had both the knowledge and expertise to expressly include such a business within a definition of the term or within the term itself. (See *Grahame v. Mitchell* (1975), 28 Ill. App. 3d 334, 340-41, 329 N.E.2d 17, 22.) Therefore, based on the record before us, we decline to hold that, as a matter of law, M. S. Valet and Delia, as its employee and agent, were clearly engaged in an "auto business operation" at the time the collision, giving rise to this cause of action, occurred.

Accordingly, the judgment on the pleadings declaring that the automobile business operations exclusion contained in Montgomery Ward's insurance policy excludes all coverage for Andrew Delia and M. S. Valet is reversed. This cause is remanded to the circuit court for proceedings consistent with what is stated herein.

Reversed and remanded.

WHITE, P.J., and FREEMAN, J., concur.