Continental Casualty Company, Plaintiff-Appelle, v. Travelers Insurance Company, Defendant-Appellant.

Gen. No. 51,542.

First District, First Division.

May 26, 1967.

MURPHY, P. J., dissenting.

Kirkland, Ellis, Hodson, Chaffetz & Masters, of Chicago (William D. Maddux and John M. O'Connor, Jr., of counsel), for appellant.

Tom L. Yates, of Chicago (L. J. Locke, of counsel), for appellee.

MR. JUSTICE BURMAN delivered the opinion of the court.

This controversy arises from a dispute between two insurance companies concerning the interpretation of their respective insurance policies. Plaintiff, Continental Casualty Company, after paying a $6,350 claim settlement brought this action against Travelers Insurance Company for reimbursement of $5,772.72, 10/11ths of the settlement. The facts were stipulated and the trial judge held in a memoranda decision that the two excess provisions in the policies of the respective companies nullified each other and held both companies to be primarily liable. Judgment was entered in favor of Continental and against Travelers for $5,521.70, which was 20/23rds of the settlement and Travelers appeals.

It appears from the stipulation of facts that on July 5, 1961, Robert P. Graeser rented a 1961 Ford from Avis, Inc., and/or Avis Rent-A-Car System, Inc. in Chicago. On July 11, 1961, he was involved in an accident which plaintiff Continental settled for $6,350. At the time of the accident Graeser was an agent and employee of Aeroquip Corporation and was operating the vehicle with their permission.

Continental issued its policy, DCL 3460982–R, to Avis, Inc., a corporation, engaged in the business of leasing or renting motor vehicles, and to Robert P. Graeser, with liability limits of $100,000 each person and $300,000 each accident for bodily injury and $25,000 each accident for property damage. The Continental policy contained the following clauses:

#17   The insurance under this policy shall be excess insurance over any other valid and collectible insurance available to the insured, either as an insured under another policy or otherwise.

#9   When this policy is certified as proof of financial responsibility for the future under the provi-

sions of the motor vehicle financial responsibility law of any state or province such insurance as is afforded by this policy for bodily injury liability or for property damage liability shall comply with the provisions of such law. . . .

Travelers issued its policy, SLA 2691399, to Aeroquip Corporation, and covered Graeser, its employee, under the omnibus clause, with limits of liability of $1,000,000 each person and $2,000,000 each accident for bodily injury and $100,000 each accident for property damage. It was also stipulated that the rented car was a hired automobile insured on a cost of hire basis within the meaning of condition 13 of the Travelers policy, which is as follows:

#13  If the insured has other insurance against a loss covered by this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declaration bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, the insurance under this policy with respect to loss arising out of the maintenance or use of any hired automobile insured on a cost of hire basis or the use of any non-owned automobile shall be excess insurance over any other valid and collectible insurance.

The Travelers policy also contained the following provision under the heading "Insuring Agreement":

III. The unqualified word "insured" includes the name insured and also includes any person while using an owned automobile or a hired automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named

202

insured or with his permission, and any executive officer of the named insured with respect to the use of a non-owned automobile in the business of the named insured. The insurance with respect to any person or organization other than the named insured does not apply;

. . . . . .

(d) with respect to any hired automobile, to the owner, or a lessee thereof other than the named insured, or to any agent or employee of such owner or lessee;

Travelers contends that Continental's policy issued to Avis on its rental cars was "primary" insurance and that Travelers' policy issued to Aeroquip was "excess" insurance as to the car rented from Avis. Therefore Travelers, not Continental, was entitled to judgment. In the alternative Travelers contends that the apportionment formula of 20/23rds to 3/23rds used by the trial court was incorrect and the judgment should be reduced to a 50/50 ratio or $3,175.

Continental contends that both policies were excess insurance and such applicable clauses cancel each other; that the excess clause is permitted by the Illinois Statute; that in any event as between the parties the policy provisions apply; and that the loss was properly prorated in accordance with the respective policy limits.

The Travelers' policy provides that coverage for a hired automobile or the use of any nonowned automobile shall be excess insurance over any other valid and collectible insurance. It is stipulated that the car Aeroquip rented from Avis and which Graeser drove is a hired automobile within the meaning of clause #13 of the Travelers' policy. Continental issued its policy to Avis (which also covered Graeser the driver) which provides under clause #17 that, "[t]he insurance under this policy shall be excess insurance over any other valid and collect-

ible insurance available to the insured, either as an insured under another policy or otherwise."

Travelers argues that Continental seeks to take undue advantage of this common provision in automobile policies by attempting to limit the Avis Rent-A-Car policy to excess insurance only, in all cases in which the renter has some insurance of his own on his own car, "[a]nd this despite the fact that it is a matter of common knowledge that the rental charge paid to Avis by the renter includes the cost of primary insurance, not only on the Avis car, but also on the renter-driver."

Travelers insists that the Continental policy clearly was issued to Avis to provide "primary" insurance on Avis Rent-A-Cars and their drivers and therefore Travelers, not Continental was entitled to judgment. They say, "[t]he simple fact here is that Travelers wrote excess insurance on rented cars and that Continental wrote primary insurance on Avis Rent-A-Cars as it was required to do by statute." Travelers refers us to the Illinois Motor Vehicle Law (Ill Rev Stats 1961, c 95½) which provides:

Section 8–114:

It is unlawful for the owner of any motor vehicle to engage in the business, or to hold himself out to the public generally as being engaged in the business of renting out such motor vehicle, to be operated by the customer, unless the owner has given, and there is in full force and effect and on file with the Secretary of State proof of financial responsibility as hereinafter provided.

Section 8–115:

Proof of financial responsibility when required under this Act may be given by the following

204

alternate methods. By filing with the Secretary of State:

. . . . . .

2. An insurance policy as provided in Section 8-118.

. . . . . .

Section 8-118:

> A motor vehicle liability policy in a solvent and responsible company, authorized to do business in the State of Illinois, providing that the insurance carrier will pay any judgment within thirty days after it becomes final, recovered against the customer or against any person operating the motor vehicle with the customer's express or implied consent, for damage to property other than to the rented motor vehicles, or for an injury to, or for the death of any person, not an occupant of the rented motor vehicle, resulting from the operation of the motor vehicle, provided, however, every such policy provides insurance insuring the operator of the rented motor vehicle against liability imposed by law upon such insured for bodily injury to, or death of any person or damage to property to the amounts and limits as provided under Section 7-317 of this Act.

Section 7-317 provides for limits of $10,000 for each person and $20,000 for each accident for bodily injury, and $5,000 each accident for property damage. Travelers, while pointing out that subsection (i) of section 7-317 states that, "[t]he policy may provide for prorating of insurance thereunder with other applicable valid and collectible insurance," argues that the section "nowhere provides that the primary insurance thus required as a

matter of public policy can be made excess insurance only."

■ After a careful examination of the involved policies we find that both policies provide excess insurance coverage. We agree with Continental that the purpose of the insurance requirement under the Illinois Motor Vehicle Act is the protection of the public and not some other insurance company. In this regard we note that there was no attempt by Continental to evade any coverage and the claim involved was promptly settled (which fulfilled the main purpose of the statutory insurance requirements) before the instant controversy arose. Further, the renter-driver is not affected by this action and what he may have paid to Continental or what his rights may be are immaterial in this litigation between the insurance companies. As long as the public is protected the policy may contain any provisions not contrary to statute or public. We hold that as between the insurance companies the policy provisions limiting their liabilities are effective.

Travelers relies heavily on New Amsterdam Cas. Co. v. Underwriters, 34 Ill2d 424, 216 NE2d 665, which it says puts to rest any doubts that the coverage carried by a rent-a-car business is primary insurance. We think it is inapplicable on the facts. In New Amsterdam it was held that "escape" clauses were not "excess" clauses and therefore the Appellate Court decisions which prorated in the instance of excess v. excess clauses did not apply. In other words an "escape" clause was not a "like" cause with the "excess" clause of the other policy involved. In the instant case we have an excess v. excess clause situation which is distinguishable from the New Amsterdam situation of escape v. excess clauses. Numerous cases have been cited on this subject by both parties, but we deem it needless to belabor this opinion with a

detailed discussion for in our judgment it will serve no useful purpose.

■ The trial judge held that the amount paid in settlement should be apportioned on the ratio of the coverage of each policy for one accident. Continental covered $300,000 and Travelers covered $2,000,000 which totals $2,300,000. On that basis the court found that Continental's share was 3/23rds and Travelers to be 20/23rds. We do not agree. We hold that the amount paid in settlement should be apportioned on a 50/50 basis and therefore the judgment against Travelers is to be reduced to $3,175.

The excess clauses in the case at bar are not alike as is the situation in most excess v. excess opinions where the prorated share was declared to be in accordance with the ratio of coverage. Neither policy expressly provides for prorating where a hired automobile is concerned. Travelers' policy provides for prorating under some circumstances and Continental has no provision. Here while there may be much to the argument that Continental was primarily liable because it directly insured the driver of the rented car we, as heretofore stated, felt that as between the insurance companies they are liable according to the terms of their contracts. We may not rewrite the involved policies and we need not cite any authorities to that effect. We conclude that under the facts and circumstances equity requires that both companies be on equal footing requiring an equal apportionment of the settlement which is within the limits of the respective policies. See Cosmopolitan Mut. Ins. Co. v. Continental Cas. Co., 28 NJ 554, 147 A2d 529.

For the reasons given, the judgment entered in favor of Continental is reversed and remanded with directions to reduce the judgment to $3,175 in accordance with the views expressed herein.

Reversed and remanded with directions.

ADESKO, J., concurs.

MURPHY, P. J., dissenting:
I agree that the judgment in favor of Continental should be reversed. However, I believe that judgment should be entered here in favor of Travelers, on the theory that the Avis Rent-A-Car System, Inc., policy with Continental was primary insurance. As the liability limit of the Continental policy was in excess of the amount of damages, Travelers' "excess" coverage never came into effect.