TRUCK INSURANCE EXCHANGE, Plaintiff-Appellant, *v.*
LIBERTY MUTUAL INSURANCE COMPANY, Defendant-Appellee and
Third-Party Plaintiff.—(BROWN TRUCK LEASING CORPORATION, Third-Party Defendant.)

Second District    No. 81-183

Opinion filed November 24, 1981.

Robert J. Shaw, of Rockford, for appellant.

Richard R. Haldeman, of Williams, McCarthy, Kinley, Rudy and Picha, of Rockford, for appellee.

PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Truck Insurance Exchange (Truck Ins.) sought a declaratory judg-

ment that Liberty Mutual Insurance Company (Liberty Mutual) was the provider of the primary insurance on a truck leased by Brown Truck Leasing Corporation (Brown) which was involved in an accident. Summary judgment was entered for Liberty Mutual on the theory that Truck Ins. provided primary coverage and Liberty Mutual's liability as an insurer of the lessee of the rented truck (Viking Pump) was excess coverage. Truck Ins. appeals, contending that the language of the respective policies requires a *pro rata* allocation of risk by the concurrent insurers; but, that in any event, material questions of fact make summary judgment inappropriate.

Brown entered into a written agreement to lease a truck to Viking Pump. Included was the lease provision in article VI, "Brown shall furnish liability insurance with $500,000 combined single limits." The insurance obligations in the lease agreement between Brown and Viking also provided:

> "Brown shall not be required to provide any insurance coverage other than that specified * * * or in excess of the limits above set out and Customer agrees to indemnify and save Brown harmless from any and all claims for injuries or damages to the operation of the vehicle leased hereunder in excess of the limits * * * as set out above."

Pursuant to the lease, Brown maintained a Truckmen's Comprehensive Policy with Truck Ins. which was in full force and effect at the time of the accident involving the leased truck. Under its standard form policy, in part I, Truck Ins. agreed to pay on behalf of the insured all sums which the insured should become legally obligated to pay because of bodily injury. A condition under the heading of "other insurance" provided:

> "The insurance afforded by Part I shall not apply to any loss covered by any other insurance but shall be excess insurance over such other insurance."

By later endorsements, stated to supersede and control anything in the policy contrary to the endorsement, it was agreed that the insurance "shall apply to any lessee of a leased automobile while such automobile is in the custody of a lessee under a contract of lease which requires the lessor to provide the liability and physical damage thereon" (No. 11); and it was agreed that the coverage afforded to lessee is extended to drivers of a leased vehicle "if such is provided for in the least contract" (No. 6).

At the time of the accident, Houdaille Industries, the parent corporation of Viking Pump, carried a policy with Liberty Mutual, the insurer agreeing to pay on behalf of the insured all sums which the insured should become legally obligated to pay because of damages resulting from an accident involving either an automobile owned by the named insured or an automobile not owned but which was being used under contract. The

policy contained the additional condition with respect to hired or nonowned automobiles, "this insurance shall be excess insurance over any other valid and collectible insurance available to the insured."

The trial court found that the lease and the accompanying endorsements to the policy were plain in meaning, that when read together they controlled any inconsistent provisions in the policies, and that no extrinsic evidence offered by Truck Ins. could vary the terms of the agreement. It therefore granted Liberty Mutual's motion for summary judgment.

We agree with the conclusions of the trial court and therefore affirm.

Truck Ins.' argument that the two insurers should share *pro rata* in the loss is essentially based on its premise that the policies cover the same loss with the same or similar disclaimers. It is true, as Truck Ins. argues, that if both policies contain similar excess clauses, the loss will be prorated between carriers. (See *Continental Casualty Co. v. Travelers Insurance Co.* (1967), 84 Ill. App. 2d 200, 206-07.) However, we cannot agree with Truck Ins. that in construing policy language we should not consider the provisions of the lease between Brown and Viking Pump to which Truck Ins. was not a party. By its endorsements Truck Ins. acknowledged that it was providing insurance pursuant to the lease. The respective policies, accompanying endorsements, and the lease so far as incorporated into the insurance contract, are construed together to determine the parties' intention. *Konrad v. Hartford Accident & Indemnity Co.* (1956), 11 Ill. App. 2d 503, 526.

We consider Truck Ins.' argument that its standard excess clause avoids primary coverage to the lessee when the latter obtains other primary insurance in view of Truck's endorsements. By the terms of the endorsements Truck Ins. was prepared to look beyond its own standard form and to incorporate by reference the insurance obligation of the lease prepared by its named insured Brown. The parties to the lease, in turn, contemplated that Brown would procure combined single limit primary public liability insurance in the sum of $500,000. In addition, Viking Pump in article 6A of the lease agrees to indemnify and save Brown harmless from any claims for injuries in excess of $500,000. Such language would have been meaningless unless Brown intended to procure the first $500,000 in coverage. Moreover, the endorsements by their terms do not recite that the coverage provided therein is excess to any other valid and collectible insurance available to the lessee. As the trial court concluded, the intention is clearly shown to be that Truck Ins. provided primary insurance to the extent of the obligation under its policy and accompanying endorsements. Equally clear is that the endorsements through which Truck Ins. furnished primary coverage superseded a standard form excess clause that by its terms denied all liability until the stated limits of other insurance are exhausted.

■■ The Liberty Mutual policy contained a provision which made its coverage excess with its insured on "hired" or "non-owned" automobiles where the insured obtained other primary insurance. Truck Ins. provided that insurance by later endorsements which formed part of its policy. As Truck Ins.' coverage is greater than the loss, Liberty Mutual's policy is excess and does not provide any collectible insurance. *Farmers Automobile Insurance Association v. Iowa Mutual Insurance Co.* (1966), 77 Ill. App. 2d 172, 176-77; *Jensen v. New Amsterdam Insurance Co.* (1965), 65 Ill. App. 2d 407, 416.

■■ Because Truck Ins.' status as a primary insurer relieves Liberty Mutual of any liability on a third-party claim not in excess of the Truck Ins. policy, the trial court properly concluded that, as a matter of law, Liberty Mutual's right to summary judgment was clear and free from doubt. (Ill. Rev. Stat. 1979, ch. 110, par. 57(3).) Truck Ins.' argument in this regard that questions of material fact remained as to the intent of the parties is not persuasive. It notes that it offered to prove by expert evidence that the custom and usage of the trade would result in the conclusion that while Brown Truck was to provide primary coverage, it was also the custom that the lessees obtain their own primary coverage, and that it was a factual question whether the parties to the lease agreement must have intended that all other coverage must be secondary. It was only after the trial judge had ruled against Truck Ins. that its counsel raised the question of custom and usage. However, no affidavits were filed in support of its assertion that the custom and usage in the truck leasing trade modify the express terms of the lease agreement. In addition, the depositions filed as a part of the record confirm that the intention of the parties was consistent with the clear terms of the lease agreement; and that if a lessee had agreed to provide its own insurance the lease would be modified to state that fact, which was not done. Essentially, however, the attempted offer of proof became irrelevant when the agreements, properly construed, showed the true intention of the parties as a matter of law.

The judgment is therefore affirmed.

Affirmed.

UNVERZAGT and VAN DEUSEN, JJ., concur.