KLEES, Judge.
This appeal presents a dispute between two insurance companies over which insurer’s policy is to be considered primary and which is to be considered excess under the facts of the instant case. The facts are as follows.
On August 30, 1990, Laurence Busse, a student at Tulane University in New Orleans, was seriously injured in an automobile accident and was treated at Southern Baptist Hospital in New Orleans. Laurence Busse is the son of Dr. and Mrs. Joel Busse, who reside in Illinois. Laurence Busse incurred medical bills totalling $1,736,000.00 as a result of this accident.
At the time, Dr. Joel Busse had in effect two separate health insurance policies covering his son. On March 1, 1984, Dr. Busse had purchased through the American Medical Association a “Group Excess Major Medical Expense Insurance” policy from Provident Life & Accident Insurance Company (hereinafter “Provident”). This policy had an annual deductible of $20,000.00 and policy limits of $1,000,000.00. On May 9, 1984, Dr. Busse purchased an “Inflation Guard” medical benefits policy from Golden Rule Insurance Company (hereinafter “Golden Rule”) which also had policy limits of $1,000,000.00. In applying for the Golden Rule policy, Dr. Busse did not disclose the existence of the Provident policy he already had, despite a specific question on the written application asking whether the proposed insured was covered by, or had made application for, any type of life, disability or other medical insurance. When Laurence Busse’s medical bills were presented to Golden Rule for payment, Golden Rule refused to pay on the grounds that the policy was void due to material misstatements made in the application. Then, when payment was requested from Provident, Provident took the position that it was solely an excess insurer whose payment responsibilities did not begin until after Golden Rule had paid its one million dollar policy limits.
As a result of the insurance dispute, lawsuits were instituted in three different jurisdictions, including several suits filed in the Civil District Court for the Parish of Orleans by various health care providers against Provident and Golden Rule. Provident filed a federal declaratory judgment action in Illinois, and pursuant to the order of the Illinois court, deposited into an escrow account there its $1,000,000 policy limits. On March 20, 1992, Provident entered into a partial settlement with Dr. Busse and the health care providers whereby Provident paid $736,-847.03, the amount for which it would have been liable as an excess insurer. (The remaining $263,152.97 was left on deposit in the escrow account). Busse and the health care providers reserved their rights to recover the full $1,000,000.00 from Provident if Golden Rule was not ultimately required to pay its full $1,000,000.00 in coverage.
• On May 22, 1992, Golden Rule agreed to settle with the health care providers and Dr. Busse for $1,100,000.00 after the trial court held that Golden Rule legally could be subjected to attorney’s fees, penalties and interest in favor of Dr. Busse and the health care providers. Under the terms of the settlement, all claims (including penalties, litigation expenses, and attorney’s fees) of Busse and the health care providers against Golden Rule were resolved; in addition, Busse and the health care providers assigned to Golden Rule all their rights against Provident.
The remaining parties, Provident and Golden Rule, then filed cross motions for summary judgment, each claiming that the other’s policy was primary. In the alternative, Golden Rule sought a summary judgment holding that the policies were co-primary (or co-excess) and that therefore each *144 insurer should pay proportionately up to its limits.
The trial court heard oral argument on the motions on December 14, 1992. On February 11, 1993, the court rendered judgment denying Provident’s motion, and denying the motion of Golden Rule which sought to have Provident recognized as primary insurer and Golden Rule as excess; the court, however, granted Golden Rule’s alternative motion, which sought to have the two insurance policies declared co-primary or co-excess. The trial court found that the policies contained mutually repugnant provisions which rendered them co-excess. The court therefore ordered Provident to pay to Golden Rule the sum of $121,626.48, plus judicial interest from August 18, 1992 until paid. The amount of the judgment is equal to the $263,152.97 difference between the $1,000,000.00 already paid by Golden Rule and the $736,847.03 already paid by Provident, minus $19,900.00 (the difference between the $20,000.00 Provident deductible and the $100.00 Golden Rule deductible), divided by two. Therefore, under the trial court’s judgment, Golden Rule has paid a net amount of $878,373.52 and Provident has paid a net amount of $858,-473.51. Provident has appealed this judgment, and Golden Rule has answered the appeal.
On appeal, Provident argues that its policy is a “true excess” or umbrella policy, whereas Golden Rule’s policy is primary. Provident urges this court to look beyond the language of the policy provisions and consider other factors, such as the premium differential between the two policies, the difference in deductible amounts, and the guaranteed insura-bility of the Provident policy as opposed to the individual underwriting done by Golden Rule under its own underwriting rules. Additionally, Provident argues that the trial court’s allocation of $1,000,000.00 of Golden Rule’s $1,100,000.00 settlement to medical expenses (as opposed to interest, attorney’s fees and penalties) is erroneous because no such allocation appears in the settlement documents.
For its part, Golden Rule argues that the rights of the two insurers should be determined by the unambiguous language of the policies. Further, Golden Rule contends that under the clear language of its policy, it is excess to Provident because Provident is “other insurance.” Alternatively, Golden Rule asserts that the judgment should be affirmed because the language of the two policies is mutually repugnant, and therefore the trial judge was correct in ordering the two insurers to share proportionately in the expense; however, Golden Rule also argues on appeal that the trial court’s judgment should be amended to delete the $19,900.00 credit given to Provident, which reflects the larger deductible of the Provident policy.
The trial court correctly considered and decided this matter by applying Illinois law. The policies in question were applied for, written and delivered in Illinois, and the insured is a citizen of Illinois. The question on appeal is whether the trial court’s conclusion that these policies should be treated as co-excess is a correct application of Illinois law, and if so, whether the court was correct in giving Provident credit for the amount of its much higher deductible. We find that the trial court’s decision was correct in both respects.
The pertinent policy provisions are as follows. The Provident policy states that the insured will be paid benefits for covered expenses incurred during the benefit period in excess of the “deductible amount,” which is defined as:
“Deductible Amount” means, with respect to Covered Expenses incurred by an Insured member for himself and on behalf of covered Dependents during a policy period not to exceed 24 consecutive months, the greater of:
(a) the Cash Deductible Amount specified in the Schedule of this Certificate; or
(b) the amount of the Other Coverage Deductible, as defined below,
“Other Coverage Deductible” means the total amount of benefit for Covered Expenses for which an Insured Member and covered Dependents are eligible under all other medical care coverage whether on a service or expense incurred basis, provided by any other insurance or welfare plan or prepayment arrangement or any federal, *145 state or other governmental plan or law. The amount of benefit provided on a service basis shall be the amount of the service rendered would normally have cost if provided on a cash basis.
Golden Rule’s policy provides that it will pay as qualified Covered Expenses the lesser of “Basic Benefits” or “Alternate Benefits.” The policy defines “Basic Benefits” as:
An amount found by multiplying the Covered Expenses for the calendar year in excess of the deductible amount, by the coinsurance percentage shown on page 3.
Golden Rule defines “Alternate Benefits” to mean:
100% of the Covered Expenses for the calendar year in excess of the benefits payable therefor under other health plans.
According to Golden Rule’s general definitions, “other health plans” means:
any plan which provides insurance, reimbursement or service benefits for hospital, surgical or medical expenses. This includes coverage under group or individual insurance policies, non profit health service plans, health maintenance organizations subscribe or contracts, self-insured group plans, prepayment plans and Medicare. It will not include Medicaid. If a covered person has reached 65 years of age, he or she will be deemed to have full Medicare coverage. In calculating Alternative Benefits, any benefits which would be payable under Medicare will be deemed to be “benefits payable therefore under other health plans”.
Under Illinois law, when policy language is clear and unambiguous, it is to be construed and enforced as written. Van Week v. Barbee, 115 Ill.App.3d 936, 71 Ill. Dec. 537, 451 N.E.2d 25 (1983); Johnson v. State Farm, 78 Ill.App.3d 144, 33 Ill.Dec. 466, 396 N.E.2d 1190 (1979). In this case, however, we find it impossible to enforce both policies as written because each policy contains an excess or “other insurance” clause. Illinois courts have held that when both policies contain excess clauses, the loss will be prorated between both insurers. Truck Insurance Exchange v. Liberty Mutual Insurance Company, 102 Ill.App.3d 24, 57 Ill.Dec. 503, 428 N.E.2d 1183 (1981); Continental Casualty Company v. Travelers Insurance Company, 84 Ill.App.2d 200, 228 N.E.2d 141 (1967); Laurie v. Holland America Insurance Company, 31 Ill.App.2d 437, 176 N.E.2d 678 (1961).
Provident strenuously argues that this result should not apply when, looking at all other factors such as policy intent, premiums, and deductibles, it is determined that one of the clauses is contained within what would otherwise be a primary policy and the other is contained within a policy designed as a “true excess” or umbrella policy. Provident’s argument is based upon a single case, Illinois Emasco Insurance Co. v. Continental Casualty Co., 139 Ill.App.3d 130, 93 Ill. Dec. 666, 487 N.E.2d 110 (1985). We reject Provident’s argument because we do not find the Provident policy to be an umbrella policy. A “true excess” or umbrella policy is one which requires, as a condition of coverage, the presence of an underlying primary policy. See St. Paul Fire and Marine Ins. Co. v. Gilmore, 168 Ariz. 159, 812 P.2d 977 (1991); Loy v. Bunderson, 107 Wis.2d 400, 320 N.W.2d 175 (1982). Indeed, the policy in Illinois Emasco was an umbrella excess third party liability policy which, to be effective, required the presence of an underlying primary automobile insurance policy in the amount of $300,000.00. Illinois Emasco, supra, 93 Ill.Dec. at 667, 487 N.E.2d at 111. Provident’s policy, however, is not conditioned upon the presence of underlying insurance; in fact, it was issued to Dr. Busse before he purchased the Golden Rule policy without regard for whether or not he had other insurance. No questions concerning the existence of other insurance were asked in the Provident application. Therefore, we find that Illinois Emasco is distinguishable from the instant case and should be confined to its own facts. The trial court correctly held that in the instant case, the two policies contain mutually repugnant excess clauses, and therefore the loss must be prorated between the two insurers.
We also find that the trial judge was correct in giving Provident credit for its deductible amount. The cases cited by Golden Rule for the proposition that liability is *146 prorated based exclusively on the respective policy limits do not address the issue presented by the instant case, which is the application of a deductible when apportioning liability between two policies. In the instant case, Golden Rule accepted in settlement an assignment of Dr. Busse’s rights against Provident. Dr. Busse had no right to recover the amount of the his deductible from Provident. We conclude the trial court was correct in considering the difference in the deductibles. Finally, we reject Provident’s argument that the trial court should not have awarded any amount in judgment because the settlement documents do not allocate any specific amount of Golden Rule’s $1,100,000 payment to covered medical expenses. The trial judge, who personally supervised the settlement negotiations, was within his discretion in concluding that $1,000,000.00 of the settlement represented Golden Rule’s policy limits and the remaining $100,000.00 represented other claims such as interest, attorney’s fees, costs and penalties.
Accordingly, for the reasons given, the judgment of the trial court is affirmed. Each party to bear its own costs.

AFFIRMED.