UNITED STATES FIDELITY AND GUARANTY COMPANY *et al.*, Plaintiffs, v. ALLIANCE SYNDICATE, INC., *et al.*, Defendants (Pekin Insurance Company, Counterplaintiff-Appellant; Fidelity and Guaranty Company Underwriters, Inc., Counterdefendant-Appellee).

First District (2nd Division)    No. 1—95—4113

Opinion filed February 4, 1997.

Robert Marc Chemers, Daniel G. Willis, and Scott L. Howie, all of Pretzel & Stouffer, Chartered, of Chicago, for appellant.

Robert L. Kiesler and Patti M. Deuel, both of Chicago, for appellee.

JUSTICE TULLY delivered the opinion of the court:

Pekin Insurance Company (hereinafter Pekin) filed against Fidelity & Guaranty Company Underwriters, Inc. (hereinafter Fidelity), a counterclaim for declaratory judgment to recover from Fidelity a payment it made pursuant to an excess insurance policy it had issued to Gencon Building Corporation (hereinafter Gencon). In its counterclaim, Pekin alleged that, pursuant to the "other insurance" clauses of the policies issued by itself and Fidelity to Gencon, the two underwriters were to share liability on a *pro rata* calculated basis such that Fidelity owed Pekin $855,000.

Pekin filed a motion for summary judgment pursuant to section 2—1005 of the Code of Civil Procedure (735 ILCS 5/2—1005 (West 1994)), which the circuit court granted. Subsequently, the circuit court reversed itself and granted a motion for reconsideration filed by Fidelity. In granting the motion for reconsideration, the circuit court held that the "other insurance" clauses of the policies were mutually repugnant such that Pekin and Fidelity were to share liability on an equal basis. Accordingly, the circuit court entered judgment in Pekin's favor in the amount of $75,000. It is from the circuit court's order granting Fidelity's motion for reconsideration that Pekin now appeals to this court pursuant to Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)).

On appeal, Pekin contends that: (1) the circuit court erred as a matter of law in finding that the liability was to be shared equally between Pekin and Fidelity; (2) the circuit court erred as a matter of law in granting Fidelity's motion to reconsider; and (3) the circuit court erred as a matter of law in denying Pekin prejudgment interest.

On *de novo* review of an order granting summary judgment, a court of review must ascertain whether the trial court properly concluded there were no genuine issues of material fact and, if there were none, whether judgment for the movant was correct as a matter of law. *Federal Insurance Co. v. Economy Fire & Casualty Co.*, 189 Ill. App. 3d 732, 735 (1989). Interpretation of the language in an insurance policy is especially appropriate for summary judgment because, in such cases, the court is presented only with a question of law. *Z.R.L. Corp. v. Great Central Insurance Co.*, 156 Ill. App. 3d 856, 858 (1987). Applying this standard to the case *sub judice*, we find the trial court's ruling was not in error.

Pekin's first contention is that the circuit court erred as a matter of law in finding that the liability is to be shared equally between Pekin and Fidelity. We disagree.

We note from the outset that there are no contested issues of material fact and neither party to this appeal disagrees with the trial court's holding that the two "other insurance" clauses at issue here are mutually repugnant. Our independent review confirms the propriety of this holding, and it is from this point that we begin our analysis.

As early as 1967, this district of the appellate court, in *Continental Casualty Co. v. Travelers Insurance Co.*, 84 Ill. App. 2d 200 (1967), held that two underwriters, both of which purported to afford only excess insurance pursuant to their "other insurance" clauses, were required to share their insured's loss equally. Twenty-two years later, following the *Continental Casualty* decision, this district once again ruled that contribution by equal shares was the appropriate method of apportionment between two excess carriers. See *Continental National American Insurance Co. v. Aetna Life & Casualty Co.*, 186 Ill. App. 3d 891 (1989). After finding that the insurers' excess clauses were mutually repugnant, the *Continental National* court held that "[a] loss covered solely by two excess carriers renders the 'Other Insurance' provisions irreconcilable, cancelling each provision and *forcing the insurers to divide the liability equally between themselves.*" (Emphasis added.) *Continental National*, 186 Ill. App. 3d at 898, citing *Transport Indemnity Co. v. Carolina Casualty Insurance Co.*, 133 Ariz. 395, 401, 652 P.2d 134, 140 (1982); *Truck Insurance Exchange v. Liberty Mutual Insurance Co.*, 102 Ill. App. 3d 24, 26 (1981); *Continental Casualty*, 84 Ill. App. 2d at 206-07. Thus, we believe the law is clear and therefore find no reason to disturb either the authorities above-cited or the circuit court's decision thereon.

■ Next, we turn to Pekin's contention that the circuit court erred as a matter of law in granting Fidelity's motion to reconsider. "The purpose of a motion for reconsideration is to apprise the trial court of newly discovered evidence, a change in the law, or errors in the court's earlier application of the law." *Farley Metals, Inc. v. Barber Colman Co.*, 269 Ill. App. 3d 104, 116 (1994). The determination of whether to grant a motion for reconsideration is within the circuit court's discretion, subject to reversal only upon abuse of such discretion. *Greer v. Yellow Cab Co.*, 221 Ill. App. 3d 908, 915 (1991). In light of our holding *supra* that the trial court properly apportioned the loss between the parties, we find no abuse of discretion by the circuit court in granting the motion for reconsideration.

■ Still to be considered is Pekin's argument that the circuit court erred as a matter of law in denying Pekin prejudgment interest. We do not think this is so.

Illinois law permits the award of prejudgment interest, at the

prime rate, where equitable considerations warrant it. The decision whether to award prejudgment interest is within the circuit court's sound discretion, subject to reversal only upon abuse of discretion. *In re Estate of Wernick*, 127 Ill. 2d 61, 87 (1989). After a careful review of the record, we find no evidence to suggest that the circuit court abused its discretion in refusing to award Pekin prejudgment interest.

For the reasons set forth above, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

CERDA and GALLAGHER, JJ., concur.