SECOND
DIVISION
 February 4, 1997










No. 1-95-4113

UNITED STATES FIDELITY & GUARANTY COMPANY ) Appeal from
the 
and LIEBOVICH BROTHERS, INC., ) Circuit Court of
 ) Cook County.
 Plaintiffs, )
 )
 v. )
 )
ALLIANCE SYNDICATE INC., ILLINOIS INSURANCE )
EXCHANGE, IRLAND AND ROGERS, INC., CANNON )
STEEL ERECTION CO., and PEKIN INSURANCE )
COMPANY, )
 )
 Defendants. )
------------------------------------------------------)
PEKIN INSURANCE COMPANY, )
 )
 Counter-Plaintiff-Appellant, )
 )
 v. )
 )
FIDELITY & GUARANTY COMPANY UNDERWRITERS, )
INC., ) Honorable
 ) John Hourihane,
 Counter-Defendant-Appellee. ) Judge Presiding.

 JUSTICE TULLY delivered the opinion of the court:

 Pekin Insurance Company (hereinafter Pekin) filed against Fidelity &
Guaranty Company Underwriters, Inc. (hereinafter Fidelity) a counterclaim for
declaratory judgment to recover from Fidelity a payment it made pursuant to an
excess insurance policy it had issued to Gencon Building Corporation (hereinafter
Gencon). In its counterclaim, Pekin alleged that pursuant to the "other insurance"
clauses of the policies issued by itself and Fidelity to Gencon, the two underwriters
were to share liability on a pro rata calculated basis such that Fidelity owed Pekin
$855,000.
 Pekin filed a motion for summary judgement pursuant to section 2-1005 of the
Code of Civil Procedure (735 ILCS 5/2-1005 (West 1994)) which the circuit court
granted. Subsequently, the circuit court reversed itself and granted a motion for
reconsideration filed by Fidelity. In granting the motion for reconsideration, the
circuit court held that the "other insurance" clauses of the policies were mutually
repugnant such that Pekin and Fidelity were to share liability on an equal basis. 
Accordingly, the circuit court entered judgment in Pekin's favor in the amount of
$75,000. It is from the circuit court's order granting Fidelity's motion for
reconsideration that Pekin now appeals to this court pursuant to Supreme Court Rule
304(a) (155 Ill. 2d R. 304(a)).
 On appeal, Pekin contends that: (1) the circuit court erred as a matter of law
in finding that the liability was to be shared equally between Pekin and Fidelity; (2)
the circuit erred as a matter of law in granting Fidelity's motion to reconsider; and
(3) the circuit court erred as a matter of law in denying Pekin prejudgment interest.
 On de novo review of an order granting summary judgment, a court of review
must ascertain whether the trial court properly concluded there were no genuine
issues of material fact and if there were none, whether judgment for the movant was
correct as a matter of law. Federal Insurance Co. v. Economy Fire & Casualty Co.,
189 Ill. App. 3d 732, 735, (1989). Interpretation of the language in an insurance
policy is especially appropriate for summary judgment because, in such cases, the
court is presented only with a question of law. Z.R.L. Corporation v. Great Central
Insurance Co., 156 Ill. App. 3d 856, 858 (1987). Applying this standard to the case
sub judice, we find the trial court s ruling was not in error.
 Pekin's first contention is that the circuit court erred as a matter of law in
finding that the liability is to be shared equally between Pekin and Fidelity. We
disagree.
 We note from the outset that there are no contested issues of material fact and
neither party to this appeal disagrees with the trial court's holding that the two
"other insurance" clauses at issue here are mutually repugnant. Our independent
review confirms the propriety of this holding and it is from this point that we begin
our analysis.
 As early as 1967, this district of the appellate court in Continental Casualty
Co. v. Travelers Insurance Co., 84 Ill. App. 2d 200 (1967), held that two underwriters,
both of which purported to afford only excess insurance pursuant to their "other
insurance" clauses, were required to share their insured's loss equally. Twenty-two
years later, following the Continental Casualty decision, this district once again ruled
that contribution by equal shares was the appropriate method of apportionment
between two excess carriers. See Continental National American Insurance Co. v.
Aetna Life & Casualty Co., 186 Ill. App. 3d 891 (1989). After finding that the
insurers' excess clauses were mutually repugnant, the Continental National court
held that "[a] loss covered solely by two excess carriers renders the 'Other Insurance'
provisions irreconcilable, cancelling each provision and forcing the insurers to divide
the liability equally between themselves." (Emphasis added.) Continental National,
186 Ill. App. 3d at 898 citing Transport Indemnity Co. v. Carolina Casualty Insurance
Co., 133 Ariz. 395, 652 P. 2d 134, 140 (1982); Truck Insurance Exchange v. Liberty
Mutual Insurance Co., 102 Ill. App. 3d 24, 26 (1981); Continental Casualty, 84 Ill.
App. 2d at 206-07. Thus, we believe the law is clear and therefore find no reason to
disturb either the authorities above-cited or the circuit court's decision thereon.
 Next, we turn to Pekin's contention that the circuit court erred as a matter of
law in granting Fidelity's motion to reconsider. "The purpose of a motion for
reconsideration is to apprise the trial court of newly discovered evidence, a change
in the law, or errors in the court's earlier application of the law." Farley Metals, Inc.
v. Barber Colman Co., 269 Ill. App. 3d 104, 116 (1994). The determination of whether
to grant a motion for reconsideration is within the circuit court's discretion, subject
to reversal only upon abuse of such discretion. Greer v. Yellow Cab Co., 221 Ill. App.
3d 908, 915 (1991). In light of our holding supra that the trial court properly
apportioned the loss between the parties, we find no abuse of discretion by the circuit
court in granting the motion for reconsideration.
 Still to be considered is Pekin's argument that the circuit court erred as a
matter of law in denying Pekin prejudgment interest. We do not think this is so.
 Illinois law permits the award of prejudgment interest, at the prime rate,
where equitable considerations warrant it. The decision whether to award
prejudgment interest is within the circuit court's sound discretion, subject to reversal
only upon abuse of discretion. In re Estate of Wernick, 127 Ill. 2d 61, 87 (1989). 
After a careful review of the record, we find no evidence to suggest that the circuit
court abused its discretion in refusing to award Pekin prejudgment interest. 
 For the reasons set forth above, the judgment of the circuit court of Cook
County is affirmed.
 CERDA and GALLAGHER, JJ., concur.